**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Karen Wells and Andre Locke as
co-trustees for the next of kin of
Amir Rahkare Locke, deceased,

Case No. 23-cv-273 (WMW/DLM)

                    Plaintiffs,

**Rule 26(f) Report**

v.

Mark Hanneman, in his individual capacity
as a Minneapolis police officer, and the
City of Minneapolis,

                    Defendants.

---

        The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on  June 13, 2023, and prepared the following report.

    The initial pretrial conference in this matter is scheduled for June 21,2023, before United States Magistrate Judge Douglas L. Micko in Courtroom 6B of the U.S. Courthouse, 316 N. Robert Street, in St. Paul, Minnesota.

**DESCRIPTION OF CASE**

    1.  Concise factual summary of Plaintiff's claims:

        Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 against Defendant Officer Mark Hannenman for violations of Amir Locke's right to be free from the use of excessive force and against Defendant City of Minneapolis for its unconstitutional policies, customs and/or practices under *Monell* and its progeny. On February 2, 2022, Amir Locke was sleeping in his cousin's home when the City of Minneapolis, its officers, and Defendant Officer Mark Hannenman used a no knock warrant without just cause. SWAT officers failed to identify themselves and kicked the couch Mr. Locke was on to wake him up. As Mr. Locke struggled to get out of the blanket and reached for a legal means of self-defense, without pointing the firearm at any officers, putting his

hand on the trigger, or posing a threat. No commands were issued for Mr. Locke to disarm himself – he was shot in less than ten seconds from SWAT entry into his apartment. Without legal justification, Defendant Officer Mark Hannenman discharged his firearm shooting and killing Mr. Locke. The City of Minneapolis continuously executed no-knock warrants on predominantly black homes. In the four months leading up to this raid, Minneapolis executed no-knock warrants only in homes of color, predominantly in Black homes, and not once in the homes of non-Hispanic Whites. The application for and execution of the no-knock warrant that resulted in Amir's death is consistent with Minneapolis's custom, pattern, and practice of racial discrimination in policing.

2.  Concise factual summary of Defendant's claims/defenses: Defendants' are entitled to qualified immunity because Officer Hanneman's conduct in firing his weapon at Amir Locke was objectively reasonable under the circumstances and did not violate Mr. Locke's constitutional rights.

3.  Statement of jurisdiction (including statutory citations):

    This Court has jurisdiction over federal questions pursuant to 28 U.S.C.§§ 1331, 1343, and 42 U.S.C. §§ 1983. This Court has supplemental jurisdiction over the state law wrongful death claim pursuant to 28 U.S.C. § 1367.

4.  Summary of factual stipulations or agreements: <u>None at this time</u>.

5.  Statement of whether jury trial has been timely demanded by any party:

    Plaintiffs have demanded a jury trial.

6.  Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

    All parties have been served and appeared in this matter. Answers have been filed. An amended complaint may be necessary after receiving initial discovery disclosures.

7.  If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured: <u>the Defendants are self-insured</u>.

8.  If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

Not Applicable.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation.  The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)–(F) and design a discovery plan that is appropriate and proportionate to the case.  The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report.  The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case.   To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

Defendants have a scheduled hearing date for a Motion for Judgment on the Pleadings and will file their paperwork in support of such a motion tomorrow.  The Parties have met and conferred on this motion already.  As such Defendants respectfully request that until the resolution of the motion discovery should be stayed.  Defendants motion is made in part on the basis of qualified immunity. It is settled law that qualified immunity should be resolved at the earliest possible stage in litigation to protect the moving party from the burdens of broad-reaching discovery. Engaging in discovery frustrates the purpose of immunity.  Further, staying discovery is a good-faith effort to litigate this matter in the most efficient way possible.  Importantly, Defendants filed many documents along with their Answer, including all the body worn camera footage of the incident, and the search warrant and applications for the search warrant.  Accordingly, Defendants request that all discovery be stayed pending resolution of the soon to be pending motion and cannot agree to Plaintiff's recommended dates below.

Plaintiffs' position is that discovery should proceed, and that any attempt to stay discovery should be handled by a formal motion.  Plaintiffs recommend that the Court establish the following fact discovery deadlines and limitations:

1.      The parties must make their initial disclosures required by Rule 26(a)(1) on or before August 15, 2023.

2.      Fact discovery procedures shall be commenced in time to be completed on or before <u>May 15, 2024</u>.

3.      The parties <u>do not</u> believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.  (If so, describe.)

4.      The parties propose that the Court limit the use and number of discovery procedures as follows:

   a)      Plaintiffs request no more than a total of <u>45</u> interrogatories, counted in accordance with Rule 33(a), shall be served by each side to each party.

   Defendants request no more than a total of <u>25</u> interrogatories, counted in accordance with Rule 33(a), shall be served by each side to each party.

   b)      Plaintiffs request no more than <u>100</u> document requests shall be served by each side to each party.

   Defendants request no more than <u>50</u> document requests shall be served by each side to each party.

   The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   c)      Plaintiffs request no more than <u>45</u> requests for admissions shall be served by each side to each party.

   Defendants request no more than <u>25</u> requests for admissions shall be served by each side to each party.

5.      No more than <u>4</u> Rule 35 Medical Examinations shall be taken by Defendant and completed by Plaintiffs.

6.      Plaintiffs request no more than <u>40</u> fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

   Defendants request no more than <u>20</u> fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

7.      Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions:  Should the parties agree to conduct a Zoom deposition or video deposition the parties stipulate the Court Reporter need not be in the same room as the deponent.

8.      The parties have agreed upon the following additional limitations on discovery procedures: Not applicable.

9.      Other discovery issues.

a)      Discovery of Electronically Stored Information.  The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:  The parties will confer and seek leave from the Court to enter a ESI order by agreement.

b)      Claims of Privilege or Protection.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do not** request the Court to include the following agreement in the scheduling order or as part of a protective order:

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

5

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: The parties will confer and seek leave from the Court to enter a protective order by agreement.

**EXPERT DISCOVERY**

Defendants iterate their request to stay discovery.  The dates selected are those Plaintiffs selected. The parties anticipate that they will require expert witnesses at trial, and Plaintiffs propose that the Court establish the following dates for expert discovery:

1.  Plaintiff anticipates calling up to 5 experts. Defendants anticipate calling up to 5 experts. Each party may take one deposition per expert.

2.  Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

     a)   Identities by Plaintiff on or before  July 15, 2024.
          Disclosures by Plaintiff on or before  August 15, 2024.

     b)   Identities by Defendant on or before  August 15, 2024.
          Disclosures by Defendant on or before  September 15, 2024.

     c)   Rebuttal identities and disclosures on or before  November 15, 2024.

3.  Expert discovery, including depositions, shall be completed by  December 15, 2024.

**NON-DISPOSITIVE MOTION DEADLINES**

The Plaintiffs propose the following deadlines for filing non-dispositive motions:

1.   Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before

6

February 15, 2024.

2.     All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before  March 15, 2024.

3.     Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before  May 30, 2024.

4.     All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before January 15, 2025.

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order- Form.pdf*** or
***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective- Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case.  The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures.  If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).  After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do** believe that expert discovery must be completed before dispositive motions are filed.  The parties recommend that all dispositive motions be filed

and served (and heard, depending on District Judge assigned) on or before January 30, 2025.

## SETTLEMENT

1.  The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

    The results of that discussion, including any proposals or recommendations, are as follows: No Settlement was reached and no mediation or settlement conference would be fruitful at this time.

2.  Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts.

3.  The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1.  Trial by Magistrate Judge:

    The parties <u>have not</u> agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.      The Plaintiffs state that this case will be ready for trial on March 1, 2025.
        The anticipated length of the <u>jury</u> trial is <u>14</u> days.

**ROMANUCCI & BLANDIN**

<u>/s/ Bhavani Raveendran</u>
Antonio M. Romanucci (Admitted pro hac vice)
(Illinois ARDC No, 6190290)
Bhavani Raveendran (Admitted pro hac vice)
(Illinois ARDC No, 6309968)
Sam Harton (Admitted pro hac vice)
(Illinois ARDC No. 6342112)
321 North Clark St., Suite 900
Chicago, Illinois 60654
Phone: 312-458-1000
Fax: 312-458-1004
Email: aromanucci@rblaw.net
braveendran@rblaw.net
sharton@rblaw.net

-    *and* –

**NEWMARK STORMS DWORAK LLC**

**Dated:** June 14, 2023           <u>/s/ Jeffrey S. Storms</u>
Jeffrey Storms (#0387240)
Ryan O. Vettleson, #0312915
Naomi E. H. Martin, #0402332
222 South 9th Street, Suite 470
Minneapolis, MN 55402
Telephone:  (612) 455-7050
Facsimile:  (612) 455-7051
E-mail: jeff@newmarkstorms.com
ryan@newmarkstorms.com
naomi@newmarkstorms.com

- *and* -

**BEN CRUMP LAW**
Christopher M. O'Neal (*pro hac vice*)
(Florida Bar No. 0910201)

9

717 D Street N.W., Suite 310
Washington, D.C. 20004
E-mail: chris@bencrump.com


*Attorneys for Plaintiffs*


DATE: June 14, 2023                    KRISTYN ANDERSON
                                       City Attorney
                                       By ___S/ TRACEY FUSSY_____
                                       TRACEY N. FUSSY (#0311807)
                                       MARK ENSLIN (#0338813)
                                       REBEKAH M. MURPHY (#0392912)
                                       Assistant City Attorneys
                                       Minneapolis City Attorney's Office
                                       350 South Fifth Street, Room 210
                                       Minneapolis, MN 55415
                                       (612) 673-2254
                                       (612) 673-5132
                                       (612) 673-2017
                                       tracey.fussy@minneapolismn.gov
                                       mark.enslin@minneapolismn.gov
                                       rebekah.murphy@minneapolismn.gov

                                       *Attorneys for Defendants*