UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Karen Wells and Andre Locke as
co-trustees for the next of kin of
Amir Rahkare Locke, deceased,

                Plaintiffs,

v.

Mark Hanneman, in his individual capacity
as a Minneapolis police officer, and the
City of Minneapolis,

                Defendants.

Case No. 23-cv-273 (WMW/DLM)

**Stipulation for Protective Order**

The above Parties, by their undersigned attorneys, hereby stipulate and agree as follows:

1. This case involves claims by Plaintiffs against the above municipal Defendant, the City of Minneapolis (the "City"), and its employee, Mark Hanneman, individually, and in his capacity as an employee (collectively, "Defendants").

2. The City, and likely third parties, possess data which contains certain private and/or confidential information that in some instances may be protected by Minnesota or Federal law.

3. The Minnesota Government Data Practices Act (hereinafter "MGDPA") requires that the City protect Governmental Data (*See e.g.,* Minn. Stat. § 13.05, subds. 3, 4). Providing not public Governmental Data in litigation without utilizing the requirements

of Minn. Stat. § 13.03, subd. 6, et al., may subject the City to liability under the MGDPA (*See e.g.*, Minn. Stat. § 13.08, subd. 1).

4. The MGDPA allows production of not public Government Data in litigation when the procedures stated in Minn. Stat. § 13.03, subd. 6 are followed.[1]

5. The parties agree that, to the extent that not public Government Data is discoverable, not privileged, or not protected by another statute or law, any potential harm caused by disclosure of data sought does not outweigh the value of the data in this case. Any privacy interests that may be raised are wholly eliminated by the Protective Order, which instructs that private and/or confidential information and documents provided be handled by all parties as "Confidential." Since the not public Government Data disclosed would not be shared with any other parties except as detailed in the Protective Order, there is no danger of the information being misused.

6. There is good cause to order the City to produce discoverable information containing not public Government Data that will be utilized in this case because such an order will insulate the City from potential liability when providing Discoverable Information containing not public Government Data. *See* Minn. Stat. § 13.08, subd. 5 ("A government entity or person that releases not public data pursuant to an order under section 13.03, subdivision 6, is immune from civil and criminal liability."). The Parties agree that this Court should execute the attached Order to allow the parties to exchange discoverable,

---

[1] While Plaintiffs dispute the applicability of MGDPA procedures to federal proceedings, Plaintiffs execute this stipulation intending to promote judicial efficiency.

non-privileged, not public Government Data that would otherwise be protected by the MGDPA, subject to the attached Protective Order.

7. This Stipulation and subsequent Protective Order is without prejudice to the Defendants' Motion to Stay Discovery, should they choose to file such a motion.

8. That with regard to Government Data protected by Minnesota law, as discovery under the Federal Rules of Civil Procedure supersedes the protections afforded such Governmental Data under the Minnesota Government Data Practices Act ("MGDPA"), the Defendants will disclose certain confidential and/or private Government Data that is discoverable under the Federal Rules of Civil Procedure in accordance with the provisions herein.

9. That Defendants may produce documents within the scope of Fed. R. Civ. P. 26, 33, or 34 in the above-captioned case that contain not public Government Data, and they shall disclose said documents or data to the extent they are discoverable, not privileged, or not otherwise protected by statute, rule, or law, other than the MGDPA.

10. That any person or entity in producing documents pursuant to subpoena, answering interrogatories or testifying by affidavit, at deposition, or during trial in the above-captioned case, shall disclose Government Data that is not public under the MGDPA, if answering or testifying is consistent with the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

11. That the Order shall act as one under Minn. Stat. §§ 13.03, subd. 6, and 13.08, subd. 5.

12. To the extent that the Government Data contains confidential and/or private data on Plaintiffs and other individuals and is discoverable under the Federal Rules of Civil Procedure, Defendants will disclose such information in accordance with the provisions herein.

13. The parties agree that nothing in this Stipulation or the attached Order will prevent the parties from arguing for and utilizing procedures to obtain relief from the Court that a particular piece of Government Data or Discoverable Information is objectionable under the Federal Rules of Civil Procedure or Evidence.

14. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means an attorney who has appeared in this action;

"Confidential Material" documents are documents described in Paragraph 16 below or otherwise designated as such in good faith by a party or third-party;

To "destroy" electronically stored information means to delete from all databases, applications, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34 and includes information disclosed or produced in discovery, including at depositions;

"Notice" or "notify" means written notice;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

"Party" means a party to this action;

"Protected document" means a document protected by a privilege or the work-product doctrine;

> "Written Assurance" means an executed document in the form attached as Exhibit A.

15. A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information, which includes but is not limited to medical, financial, and other sensitive personal information, or "not public data" under the MGDPA. (*See* definition of "not public data" Minn. Stat. §13.02, subd. 8a.)

16. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

17. Confidential documents may include data related to Plaintiffs and the decedent, Amir Locke, including but not limited to social security numbers, education records, student records, medical records, law enforcement records, jail records, police reports, juvenile records, Social Services related records, employment records, and/or tax records, whether produced by Plaintiffs or gathered via authorizations, which shall be considered Confidential Materials governed by the provisions of this Stipulation and Order. Confidential documents may include data related to Plaintiffs in this case. Confidential data in possession of Defendants may information include relevant police reports and internal affairs records. The parties and third-parties may in good faith designate other data as Confidential.

18. If properly requested through discovery, Plaintiffs agree to execute any necessary releases for Defendants to obtain relevant documents and information, including but not limited to, medical records, employment records, income tax records, and cell-phone records, directly from the appropriate entity that has possession of the documents and information. Such documents will be treated as confidential by the recipient and shall

be so marked upon production to Plaintiff. The parties do not waive any objections to providing a release requested in discovery.

19. The following private personnel data on government employees will <u>not</u> be produced in this action without a specific court order or agreement by the parties: home addresses, home telephone numbers, drivers' license numbers, personal financial data, medical and psychological data, dates of birth, Social Security numbers, and any information relating to employees' family members or familial relationships unless relevant to the causes of action. Defendants do not waive any Minnesota Government Data Practices Act objections to the production of any other private personnel data not specified above. *See* Minn. Stat. § 13.43.

20. The Confidential Materials identified above may only be used in the litigation of this matter, including but not limited to discovery, depositions, motions or other court proceedings, at trial, or on appeal. It is expressly agreed that confidential materials received in the course of this action may not be used for any purpose or advantage other than the above-captioned action.

21. Nothing herein shall preclude the parties from seeking certain data by third-party practice, discovery requests, or appropriate motion(s) to compel.

22. Nothing herein shall be construed to affect in any way Defendants' or Plaintiffs' right to object to the admissibility of any documents, testimony, or other evidence at trial or any other proceeding relating to this matter.

23. Nothing herein shall be construed to affect in any way a party or third-party's right to object to the discovery of certain documents or things as stated in the parties' discovery responses.

24. Production of documents and the provision of deposition testimony shall be on the following terms and conditions:

   a. The documents to be protected by the Protective Order shall be considered "Confidential Materials," and this shall govern the examination and use of such documents.

   b. Confidential Materials and information derived therefrom shall be disclosed to and used only by "Qualified Persons," as defined in paragraph 21.c., *infra*.

   c. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials or information derived therefrom, may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

      i. The Court and its staff;

      ii. Counsel for the parties to the action and the legal assistants, agents, volunteers, clerical, and secretarial staff assisting in this litigation; any expert witnesses and attendant expert witness staff retained by the parties, mediators and attendant staff, any Rule 35 medical/legal examiner(s) and attendant staff, and outside vendors including but not limited to messengers, copy, and other clerical services vendors;

      iii. Elected or appointed officials, management-level employees of the City of Minneapolis, and any other employee of the city of Minneapolis required to obtain or facilitate settlement authority; and Adjusters/insurance claims personnel assigned to this case for Defendants.

      iv. Court reporters or videographer employed in connection with any deposition in the action;

    v. The parties, and outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

    vi. Persons shown on the face of the document to have authored or received the document or who are depicted in the document (e.g., video footage); and

    vii. Any other person the parties' counsel deem necessary, to be agreed unanimously to in writing.

d. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs 21.e. *infra*. All Qualified Persons shall be advised of their obligation to abide by the terms of this Stipulation and the Protective Order and shall execute the Written Assurance provided at Exhibit A.

e. Nothing contained in the Protective Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third-party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

    i. If such disclosure is at a deposition, only Qualified Persons may be present, as well as counsel for the witness;

    ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

    iii. The actual or potential witness shall be provided a copy of the Protective Order and advised it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by the Protective Order requiring that Confidential Materials be held in confidence and shall not disclose the Confidential Materials nor information derived therefrom to anyone who is not a Qualified Person within the meaning of the Protective Order. The witness must agree on the record to abide by such terms or must sign Written Assurance provided at Exhibit A.

      iv. If the witness refuses to abide by the terms of the Protective Order and the party providing the confidential materials refuses to withdraw its assertion of confidentiality, the party seeking to use the confidential materials shall have the right to suspend the deposition and bring a motion before the Court seeking a ruling on the issue. The parties agree that the confidential documents in question shall not be used during the deposition pending a ruling from the Court.

   f. A party may supplement the "confidential" mark (see Paragraph 16) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party, unless that party is a person described in paragraph 24(c)(vi). The parties do not waive the right to challenge the appropriateness of "attorney's eyes only" designation.

25. In the event that any confidential documents are presented during a deposition or shown to a non-party of third-party witness, such documents or information shall not lose their confidential, non-public, or private status through such use.

26. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

27. Changing a Confidential Document's Designation.

   a. Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise. Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party

agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party, then with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

28. A party serving a subpoena on a non-party must simultaneously (1) notify the opposing party and (2) serve a copy of this protective order and Local Rule 5.6 on the subpoena recipient. If a party receives a subpoena or other court process that arguably calls for the production of confidential documents, that party shall give the other parties written notice of the subpoena or court process and at least ten (10) days' notice before producing any such confidential documents. A party serving a subpoenas on a non-party must produce any documents received pursuant to the subpoena to the opposing party within ten (10) business days.

29. If a party receives a subpoena or other court process in separate litigation that arguably calls for the production of "Confidential Materials" from this matter, they shall provide at least 10-days' notice to counsel for all parties in this matter before producing any such "Confidential Materials" in the separate litigation.

30. The "Confidential Materials" protected by the Protective Order shall not be given, conveyed, or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the "Confidential Materials" to any member of the broadcast or print media or their agents.

31.     The Protective Order does not in any way prevent the disclosure of public data as defined in Minn. Stat. § 13.43 or Minn. Stat. § 13.82, Minn. Stat. Chap. 13, or otherwise or data which is public under Federal law.

32.     Use of a Confidential Document in Court. A party intending to present another party's or a non-party's confidential document, or information contained therein, at a hearing must notify and confer with the other party or non-party at least 7 days before the hearing regarding what information will be presented so that the other party or non-party may seek relief from the court if necessary. A party intending to present a party or a non-party's confidential document at trial must notify the party of non-party simultaneously with the filing of exhibit lists for trial so that the party or non-party may seek relief from the court if necessary. If a party files documents with the Court containing information designated as protected pursuant to the terms of the Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of the Protective Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.

33.     Within sixty (60) days of the termination of this litigation (including any appeals), counsel for a party that received Confidential Materials from another party to this litigation shall either promptly destroy or return all Confidential Materials and copies

thereof to the producing parties' counsel. A receiving party's counsel may retain summaries of any "Confidential Materials" and a copy of any confidential document submitted to the court. No retained confidential materials, documents, or internal memoranda may be disclosed or used for any other purpose other than for this action.

34. The obligations of Qualified Persons to protect all confidential data and information shall survive the termination of this litigation.

**NEWMARK STORMS DWORAK LLC**

**Dated:** August 10, 2023

/s/ Jeffrey S. Storms
Jeffrey Storms (#0387240)
Ryan O. Vettleson, #0312915
Naomi E. H. Martin, #0402332
222 South 9th Street, Suite 470
Minneapolis, MN 55402
Telephone: (612) 455-7050
Facsimile: (612) 455-7051
E-mail: jeff@newmarkstorms.com
ryan@newmarkstorms.com
naomi@newmarkstorms.com

- and -

**ROMANUCCI & BLANDIN**
Antonio M. Romanucci (Admitted pro hac vice)
(Illinois ARDC No, 6190290)
Bhavani Raveendran (Admitted pro hac vice)
(Illinois ARDC No, 6309968)
Sam Harton (Admitted pro hac vice)
(Illinois ARDC No. 6342112)
321 North Clark St., Suite 900
Chicago, Illinois 60654
Phone: 312-458-1000
Fax: 312-458-1004
Email: aromanucci@rblaw.net
braveendran@rblaw.net
sharton@rblaw.net

- and -

**BEN CRUMP LAW**
Christopher M. O'Neal (*pro hac vice*)
(Florida Bar No. 0910201)
717 D Street N.W., Suite 310
Washington, D.C. 20004
E-mail: chris@bencrump.com

*Attorneys for Plaintiffs*

Dated: August 10, 2023

KRISTYN M. ANDERSON
City Attorney
By */s Rebekah M. Murphy*
TRACEY N. FUSSY (#311807)
MARK ENSLIN (#338813)
REBEKAH M. MURPHY (#392912)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2254
(612) 673-5132
(612) 673-2017
tracey.fussy@minneapolismn.gov
mark.enslin@minneapolismn.gov
rebekah.murphy@minneapolismn.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Karen Wells and Andre Locke as
co-trustees for the next of kin of
Amir Rahkare Locke, deceased,

      Plaintiffs,

v.

Mark Hanneman, in his individual capacity
as a Minneapolis police officer, and the
City of Minneapolis,

      Defendants.

---

Case No. 23-cv-273 (WMW/DLM)

**Exhibit A – Written Assurance**

_____ declares that: I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

  I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 23-cv-273 (WMW/DLM) pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall either destroy or return to the attorney from whom I have received them any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Executed on _____        _____
                   (Date)                                              (Signature)