UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Karen Wells and Andre Lock as co-trustees for the next of kin of Amir Rahkare Locke, deceased,

Plaintiffs,

vs.

Mark Hanneman, in his individual capacity as a Minneapolis police officer, and the City of Minneapolis,

Defendants.

Case No. 23-cv-00273 (WMW-DLM)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY**

## INTRODUCTION

Defendants respectfully request a stay of all discovery pending resolution of the Defendants' forthcoming Motion for Judgment on the Pleadings. Defendants plan to file a Motion for Judgment on the Pleadings arguing that the Amended Complaint in this matter must be dismissed because the officer's conduct was objectively reasonable and thus immune from liability, and that the Defendants are entitled to statutory immunity, official immunity and vicarious official immunity.

A hearing date for that motion is currently scheduled on November 28, 2023. Plaintiffs' counsel had previously requested a hearing date in November due to scheduling conflicts. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The nature of the outstanding motion, which may be dispositive, warrants a stay until after its decision; given the Court's interest in judicial economy along with the absence of prejudice to the parties, Defendants respectfully request the Court to grant this motion.

## BACKGROUND

On February 2, 2022, Minneapolis SWAT executed a no-knock warrant at the Bolero Flats apartments located at 1117 South Marquette Ave. in Minneapolis. Complaint, ¶ 71. Amir Locke was present in the apartment. As the officers approached Locke he pointed a fire arm in Hanneman's direction. Hanneman ordered, "Show me your hands." (Doc. 13, Ex. 3 at 6:48:12-13). Locke's gun began to rise. (Doc. 13, Ex. 5, at 6:48:09-6:48:10). At this moment, Hanneman fired his handgun at Locke. (*Id*. at 06:48:11; Exh. 1, Sysaath BWC at 6:48:13). Sadly, Mr. Locke passed away from his injuries.

Defendants will bring a motion for judgment on the pleadings asserting qualified immunity and vicarious qualified immunity arguing that the BWC demonstrates it was not clearly established that Officer Hanneman could not shoot

Mr. Locke under the circumstances. Defendants attached to its Answer BWC footage of the incident as well as the search warrant. These records depict what an objectively reasonable officer knew at the time as well as what happened during the incident, and are all embraced by the pleadings. Plaintiffs' attorneys already have these records and amended their Complaint with these records under consideration.

## ARGUMENT

### I. A STAY IS PROPER PENDING RESOLUTION OF A MOTION FOR JUDGMENT ON THE PLEADINGS

#### A. Defendants' Qualified Immunity Defense is Ripe Now

It is well-settled law that qualified immunity questions must be resolved at the earliest possible stage in litigation to protect the defendant from potential burdens of unnecessary discovery. "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Qualified immunity protects against the costs associated with litigation, such as discovery. *Id.* at 817-18.

> Moreover, because the entitlement is an immunity from suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Until this potentially dispositive issue is fully litigated, this Court has the authority to stay discovery and should exercise

it accordingly. *Geiser v. Simplicity, Inc.*, 5:10–CV–21, 2011 WL 128776, at *4 (D.W.Va. Jan. 14, 2011) ("discovery is considered inappropriate…while a motion that would be dispositive of the claims…is pending").

Discovery is unnecessary for the Court to consider Defendants' dispositive motion. The entire incident is captured on body worn camera, which footage is encompassed by the pleadings and will be available to and can be considered by the Court on Defendants' motion. Only the footage and the law need to be considered to determine whether the use of force was reasonable, or at least that it was not clearly established that an officer could not use deadly force under the facts depicted in the body worn camera footage. The subjective intent of Mr. Locke is not relevant. The veracity of the statements in the application for the search warrant are similarly not relevant as Hanneman was allowed to reasonably rely on the statements. For these reasons, the issue of qualified immunity is ripe for consideration now.

Moreover, because the motion would dispose of the entire lawsuit, a stay is warranted because any discovery would be an unnecessary use of resources for all parties should the Court dismiss the matter. Staying discovery pending a determination of the application of qualified immunity is in keeping with the purpose of qualified immunity with full knowledge by federal courts that it operates to essentially stop the progression of the case. *See Ashcroft v. Iqbal*, 556 U.S.

662, 685 (2009) ("The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") (quoting Siegert v. Gilley, 500 U.S. 226, 236, (1991) (KENNEDY, J., concurring in judgment)); *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (holding immunity exists to protect governmental officials from the burdens of trial and discovery).

Additionally, should the District Court deny the Defendants' motion, the Defendants are entitled to immediately appeal the matter to the Eighth Circuit, where this Court's jurisdiction would largely divest pending the Eighth Circuit's ruling. This is because if the district court proceeded to the merits of the case before resolution of the appeal, it would destroy the purpose of qualified immunity to relieve defendants of the burdens of discovery and trial. *Mille Lacs Band of Ojibwe v. County of Mille Lacs*, 2021 WL 1400069 * 3 (D. Minn. April 14, 2021). *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 59.

Here, discovery is not necessary to decide the issue of qualified immunity. The entire incident is on camera. Courts may and should consider body-worn camera video ("BWC") on Rule 12 motions to dismiss and on motions for judgment on the pleadings because videos of an incident are necessarily embraced by the pleadings. *Ching v. City of Minneapolis*, 73 F.4th 617, 620-21 (8th Cir. July 13,

2023) (*citing LeMay v. United States*, 18 F.4th 283, 289 (8th Cir. 2021)). In *Ching*, the Eighth Circuit considered the videos on a motion for judgment on the pleadings based on qualified immunity. *Id.* The videos in this case will override any allegations in the Amended Complaint that blatantly contradict the videos. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Ching*, 73 F.4th at 621 ("The jurisdictional limitation on our authority to review a district court's factual findings does not obligate us to accept a version of events that is 'blatantly contradicted by the record.'"). Because in this case there is BWC footage depicting the incident, the Court can dispose of the entire case on Defendants' Motion for Judgment on the Pleadings, and it will have all of the information necessary to make that determination.

B. **A Stay of Discovery Pending the Resolution of Qualified Immunity is Just**

Stays of discovery are commonplace in this Court and respected by the Eighth Circuit. "A federal district court has 'the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it].'" *Ruszczyk v. Noor*, 349 F. Supp. 3d 754 (D. Minn. 2018) (*quoting Armstrong v. Mille Lacs Cty. Sheriffs Dept.* , 112 F.Supp.2d 840, 843 (D. Minn. 2000)). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay discovery. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir.

2008) (*citing Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 713 (8th Cir. 2003)); *see also Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (upholding district court's decision to stay proceedings pending resolution of on-going state proceedings as "a matter of docket management"). Notably, the this District has done so *sua sponte* on matters not even involving qualified immunity. *See Pro-Life Action Ministries et al v. City of Minneapolis,* No. 23-cv-00853-JWB-DJF, Order (D. Minn. 6/6/2023) ("ORDER: Due to the pending Motion to Dismiss (ECF No. [10]), the Court finds there is good cause to delay the entry of a pretrial scheduling order. The Court will schedule a pretrial conference, if needed, promptly after a decision is issued on the pending motion." Ordered by Magistrate Judge Dulce J. Foster on 6/6/2023. (LNP)).

A stay is appropriate here for several reasons. First, it will allow the Court and all of the parties to conserve resources and adjudicate this matter efficiently by avoiding unnecessary disputes. Second, it will not subject Plaintiffs to any prejudice because all the events are captured on body work camera and will be before the Court. Third, engaging in discovery frustrates the purposes of immunity whereas staying discovery pending a decision also represents a good-faith effort to litigate the matter in the most efficient way for all. Recognizing the importance and efficiency of staying discovery until dispositive questions are

resolved has been and remains a regular occurrence in this District and should be granted in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to grant their motion to stay discovery.

Dated: September __, 2023

KRISTYN ANDERSON
City Attorney
By
*/s/ Tracey N. Fussy*
TRACEY N. FUSSY (3117807)
MARK ENSLIN (338813)
REBEKAH M. MURPHY (392912)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2254
(612) 673-5132
(612) 673-2017
tracey.fussy@minneapolismn.gov
mark.enslin@minneapolismn.gov
rebekah.murphy@minneapolismn.gov

*Attorneys for Defendants*