UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Karen Wells and Andre Locke, as co-trustees for the next of kin Amir Rahkare Locke, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Mark Hanneman, in his induvial capacity as a Minneapolis police officer; and the City of Minneapolis,<br><br>Defendants. | No. 23-cv-0273 (WMW/DLM)<br><br><br><br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Stay Discovery. (Doc. 53.) On July 7, 2023, Plaintiffs filed their First Amended Complaint against all Defendants. (Doc. 40.) In their Complaint, Plaintiffs allege that on February 2, 2022, Defendant Hanneman, in his individual capacity as a Minneapolis police officer, violated their son Amir Locke's Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 when Officer Hanneman shot and killed Mr. Locke during the early-morning execution of a no-knock warrant. In their Complaint, Plaintiffs also assert a *Monell*[1] claim against the City of Minneapolis, alleging that "the City . . . knew of and was deliberately indifferent in failing to correct a number of persistent and widespread unconstitutional practices and customs within the [Minneapolis Police Department ("MPD")][.]"(Doc. 40 ¶ 195).

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Additionally, Plaintiffs assert a *Canton*[2] claim against the City of Minneapolis, alleging that "Minneapolis knew that training was necessary within the MPD . . . to avoid its officers violating citizens['] Fourth and Fourteenth Amendment rights, but with deliberate indifference failed to train its officers[.]" (*Id.* ¶ 202.) Finally, Plaintiffs' Complaint also includes a state law claim of wrongful death under Minnesota Statute § 573.02 against both Defendants Hanneman and the City of Minneapolis.

Defendants filed their Answer to the First Amended Complaint on August 25, 2023. (Doc. 45.) In their Answer, Defendant Hanneman raised the affirmative defenses of "qualified immunity, official immunity, or other legal immunity." (Doc. 45 at 23, ¶ 2.) On September 8, 2023, Defendants, in anticipation of their forthcoming dispositive motion for judgment on the pleadings based on "qualified immunity and vicarious qualified immunity"[3] (Doc. 54 at 2), filed a Motion to Stay Discovery (Doc. 53). In their Motion to Stay Discovery, Defendants request a stay of all discovery pending resolution of their forthcoming dispositive motion, because that motion "would dispose of the entire lawsuit," and so from their perspective a stay is in the "interest [of] judicial economy," will not cause "prejudice to the parties," and "is in keeping with the purpose of qualified immunity[.]" (Doc. 54 at 2, 4.)

Plaintiffs, for their part, oppose Defendants' Motion to Stay Discovery, arguing that Defendants have not met their burden of establishing good cause for a stay and that

---

[2] *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).
[3] A hearing on the forthcoming motion is scheduled for November 28, 2023, in front of the Honorable Wilhelmina M. Wright.

2

Defendants' anticipated motion for judgment on the pleadings based on Defendant Hanneman's defense of qualified immunity will not dispose of Plaintiffs' *Monell* and *Canton* claims against the City of Minneapolis or their state law wrongful death claims.

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to [stay discovery] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Moreover, federal courts "have inherent power to stay proceedings of an action [to control the Court's docket], to conserve judicial resources, and to provide for the just determination of cases which pend before it." *Villalobos v. United States of America*, No. 21-cv-2233 (NEB/JFD), 2022 WL 2452278, at *1, (D. Minn. July 6, 2022) (quoting *Kemp v. Tyson Seafood Grp., Inc.*, No. 96-cv-173 (JRT/RLE), 19 F. Supp. 2d 961, 964 (D. Minn. May 5, 1998)). The Defendants assert that good cause exists for this Court to stay discovery in order to avoid expending time and resources prior to District Court's ruling on the forthcoming dispositive motion.

The filing of a dispositive motion alone, however, does not establish "good cause" to stay discovery. *Riehm v. Engelking*, No. 06-cv-293 (JRT/RLE), 2006 WL 8443398, at *2 (D. Minn. June 6, 2006) (citing *Bruckelmeyer v. Ground Heaters, Inc.*, 2003 WL 21524741, at *2 (D. Minn. June 5, 2003)). When deciding whether to stay discovery, "[c]ourts use a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." *Villalobos*, 2022 WL 2452278, at *2 (quoting *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-cv-4378 (PJS/HB), 2016 WL 6892108, at *3 (D. Minn. July 29, 2016)). However, "[w]]hen a pending [dispositive motion] would dispose

3

of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law,' courts have sometimes stayed discovery during the pendency of the motion." *Villalobos*, 2022 WL 2452278, at *2 (citing *In re CenturyLink Sales Pracs. & Sec. Littig.*, No. 17-MDL-2795 (MJD/KMM), 2018 WL 2122869, at *1 (D. Minn. May 8, 2018)).

Moreover, when a dispositive motion on qualified immunity grounds is pending, courts will typically stay discovery. *See Riehm*, 2006 WL 8443398, at *2. This is because qualified immunity "is not just a defense to liability, it constitutes immunity from suit." *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). "The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgement)). Therefore, it is often the case that "[u]ntil [the] threshold question of immunity is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In this case, Defendants have represented that their forthcoming motion for judgment on the pleadings, based on qualified immunity grounds, would dispose of all claims and both defendants, if granted. The Court, therefore, finds that the harm caused by any delay in discovery is outweighed by the potential that a ruling on Defendants' forthcoming dispositive motion will avoid the need for some, if not all, discovery. Furthermore, exercising its inherent power to stay proceedings of an action, the Court finds that a stay of discovery as to all claims and defendants is appropriate to maintain control

of the Court's docket, conserve judicial resources, and avoid piecemeal discovery.[4] Accordingly, the Court **GRANTS** Defendants' Motion to Stay Discovery (Doc. 53) until the resolution of Defendants' forthcoming dispositive motion for judgment on the pleadings.

    **SO ORDERED.**

DATED: October 3, 2023                  *s/Douglas L. Micko*
                                                  DOUGLAS L. MICKO
                                                  United States Magistrate Judge

---

[4] The Court makes this ruling without the benefit of the parties' dispositive motion briefing, as those pleadings have not yet been filed. As such, the Court grants Defendants' motion without prejudice to Plaintiffs, and notes that Plaintiffs maintain the right to seek the Court's reconsideration once Defendants have filed their brief on the forthcoming dispositive motion.